UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIEL E. BOSTIC,

                                          Plaintiff,

     vs.                                                            9:04-CV-676
                                                                       (NAM/GJD)

BARRY JACKSON,

                                          Defendant.
_____

NATHANIEL E. BOSTIC
414 Baltic Street, Apt. 10C
Brooklyn, New York 11217
Plaintiff *pro se*

Office of the New York State Attorney General      Senta B. Siuda, Esq.
615 Erie Boulevard West, Suite 102                   Asst. Attorney General
Syracuse, New York 13204-2465
Attorney for Defendant

**Hon. Norman A. Mordue, Chief United States District Judge**

**MEMORANDUM DECISION and ORDER**

In plaintiff's second amended complaint in this action, pursuant to 42 U.S.C. § 1983, he named various defendants, claiming that they violated plaintiff's constitutional and statutory rights in imposing conditions of parole and in postponing plaintiff's final parole revocation hearing. (Dkt. No. 8)(AC). Plaintiff also claimed that defendants retaliated against him for the exercise of his constitutional right to access to courts. AC ¶ 9. Plaintiff also appeared to challenge the constitutionality of a section of the New York State Executive Law governing parole revocation, together with the regulations pertaining to the statute. AC ¶¶ 12-14. Plaintiff sought declaratory, injunctive, and substantial monetary relief.

Defendants moved to dismiss the action for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 28). On September 22, 2006, Magistrate Judge Gustave J. Di Bianco recommended that the motion to dismiss be denied as against defendant Jackson regarding the conditions of plaintiff's parole. (Dkt. No. 30). Magistrate Judge Di Bianco recommended that the

motion to dismiss be granted as to all other claims as against all other defendants. *Id.* On November 1, 2006, this court approved Magistrate Judge Di Bianco's recommendation. (Dkt. No. 32). As a result of this court's order, the ***only*** remaining claim is against defendant Barry Jackson regarding the conditions of plaintiff's parole.

Presently before this court is defendant Jackson's motion for summary judgment pursuant to FED. R. CIV. P. 56.[1] (Dkt. No. 35). Plaintiff has responded in opposition to the motion. (Dkt. No. 38). For the following reasons, this court agrees with defendant and will dismiss this action in its entirety.

## DISCUSSION

**1.     Summary Judgment**

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. FED. R. CIV. P. 56; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). "Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Id*. However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). At that point, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Id*.

**2.     Procedural History**

The second amended complaint contained very few facts regarding the reason for the conditions imposed upon plaintiff's parole release. Thus, when defendants made their motion to dismiss, the only facts before Magistrate Judge Di Bianco were those in the amended complaint

---

[1] The parties are advised that the referral to the Magistrate Judge as provided for under Local Rule NDNY 72.3 has been rescinded. Therefore, any appeal taken from this Order will be taken to the Court of Appeals for the Second Circuit.

and the materials attached to the complaint. *See Dangler v. New York City Off-Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1998)(when considering a motion to dismiss for failure to state a claim, the court may consider the complaint, together with any documents attached as exhibits or incorporated by reference).

The Exhibits that were attached to the amended complaint showed that plaintiff was paroled on September 10, 2001. Plaintiff's Ex. A. On September 24, 2001, plaintiff received a copy of various "special conditions" of his release. *Id.* Defendant Jackson witnessed plaintiff's receipt of the conditions. *Id.* Included in those "special conditions" was a requirement that plaintiff not reside with Donna Capani without his parole officer's permission. *Id.* ¶ 13D. Another "special condition" was that plaintiff could "only visit 20 Jefferson Avenue, Binghamton, NY on Saturdays, 12 noon to 6 p.m. for the purpose of visiting [his] wife and children." *Id.* ¶ 13E.

In Magistrate Judge Di Bianco's analysis of the conditions of parole issue, he found that it was "***impossible***" based on the amended complaint alone to determine the purpose for the restrictions imposed and whether the restrictions were reasonable. (Dkt. No. 30 at 13). Magistrate Judge Di Bianco, thus, recommended denying the motion to dismiss on this issue because he could not find that plaintiff could prove "no set of facts that would entitle him to relief." *Id.* at 14. This court approved Magistrate Judge Di Bianco's recommendation. (Dkt. No. 32).

Defendant Jackson has now moved for summary judgment and has included his own affidavit in support of the motion, together with exhibits establishing the facts surrounding the "special conditions" of release. (Dkt. No. 35)(Jackson Aff.). This court has had the opportunity to consider these additional facts in deciding this motion.

3.      **Conditions of Parole**

A parolee does not enjoy the "absolute liberty" of a free citizen, rather, he is considered a prisoner who has been allowed to serve a portion of his sentence outside the prison. *See Baker v.*

3

*Welch*, 03 Civ. 2267, 2003 U.S. Dist. LEXIS 22059, *36-38 (S.D.N.Y. Dec. 10, 2003)(Peck, M.J.), *adopted*, (S.D.N.Y. Jan. 26, 2004)(Rakoff, J.).  Parolees have no liberty interest in being free from "special conditions" of parole. *Id. See also Pena v. Travis*, 01 Civ. 8534, 2002 U.S. Dist. LEXIS 24709, *35 n.5 (S.D.N.Y. Dec. 27, 2002)(citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).  Constitutional rights such as freedom of travel and association may be limited without violating the parolee's constitutional rights. *Id.*

Restrictions upon the First Amendment rights of parolees are valid as long as "the restrictions are reasonably and necessarily related to the advancement of some justifiable purpose of imprisonment." *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972), *cited in Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006).  In *Birzon*, the court was considering a restriction on the petitioner's right to freedom of association. 469 F.2d at 1243.  In *Farell*, the Second Circuit was considering the reasonableness of a restriction, prohibiting a paroled sex offender from possessing pornographic material. 449 F.3d at 476.  The court stated that because Farrell was a convicted sex offender, the restriction was "reasonably and necessarily related to the Government's legitimate interests in the parolee's activities." *Id.* (internal quotation marks omitted).

In *Yaweh v. United States Parole Comm'n*, 158 F. Supp. 2d 1332 (S.D. Fla. 2001), a federal parolee was challenging a special condition that restricted the parolee's right to associate with members of his religious group. *Id.* at 1335.  The court upheld the restrictions, finding that the restrictions were "reasonably related" to legitimate parole purposes, notwithstanding their burden on a fundamental constitutional right. *Id.* at 1351.  In *United States v. Schiff*, 876 F.2d 272, 273-74 (2d Cir. 1989), the court upheld a probation restriction that prevented a convicted "tax resister" from associating with any anti-tax group or participating in promotion of the group's meetings.  This restriction was upheld, notwithstanding the burden on Schiff's First Amendment rights. *Id.* at 276.

In *Tremper v. Ulster County Dep't of Probation*, 160 F. Supp. 2d 352 (N.D.N.Y. 2001),

4

District Judge David N. Hurd granted a preliminary injunction to plaintiff, Julie Tremper, who was challenging the enforcement of a condition of probation, preventing her from having contact with co-plaintiff DaShawn Johnson.  Tremper and Johnson had a child together, and they claimed that the probation restriction violated their constitutional rights to participate in the care, custody, and management of that child, as well as their right to live together as a family. *Id.* at 356.

Judge Hurd found that the challenged condition burdened a fundamental right, and that a heightened level of scrutiny must be applied, even if the parents are not married. *Id.* at 357 (citing *Zablocki v. Redhail*, 434 U.S. 374, 386-87 (1978)).  Although the state had a legitimate interest in promoting the rehabilitation of probationers, Judge Hurd found that "something more than a reasonable relationship to rehabilitation must be shown to justify such a complete impediment to plaintiffs' fundamental right to family life." *Id.* (citing *Zablocki*, 434 U.S. at 388-90).  Judge Hurd did include some case law in his decision, cited by the defendants, in which the restrictions on family association were upheld based upon the specific facts. 160 F. Supp. 2d at 358-59 (citing *People v. Myatt*, 248 A.D.2d 68, 681 N.Y.S.2d 114 (3d Dep't 1998); *People v. Howland*, 145 A.D.2d 866, 536 N.Y.S.2d 191 (3d Dep't 1988)).

Judge Hurd distinguished those cases from the facts found in *Tremper* by stating that in Ms. Tremper's case, there was no showing of "undue influence, initiation of criminal conduct; need to protect the public safety; or reasonable alternative to incarcerating Tremper." 160 F. Supp. 2d at 359.  In finding that the plaintiffs had shown a likelihood of success on the merits for purposes of a preliminary injunction, Judge Hurd stated that defendants made an insufficient showing "that there is a rehabilitative purpose that would outweigh plaintiffs' liberty interest." *Id.* In this case, based upon *Tremper*, and the fact that the court was unaware of the reasons for the special conditions, Judge Di Bianco recommended, and this court approved, denial of the defendant's motion to dismiss.  At that time, there was no way to determine the reasonableness of the restrictions imposed upon plaintiff.

5

Defendant has now moved for summary judgment and has included the documents relevant to his decision to impose the particular conditions challenged by plaintiff. A review of defendant Jackson's affidavit, together with the exhibits attached shows that the conditions imposed upon this plaintiff were ***completely*** justified and ***more than*** reasonably related to the state's legitimate interest in the parolee's activities and the safety of the community. Defendant Jackson states that the Division of Parole (DOP) records indicate that on February 4, 1999, plaintiff was sentenced in Broome County Court to concurrent indeterminate terms of imprisonment of 3½ to 7 years for Robbery, Third Degree and 2 to 4 years for Criminal Contempt, First Degree. Jackson Aff. ¶ 2.

The important fact regarding these convictions is that Donna Capani, plaintiff's wife, was ***the victim of the crime for which plaintiff was convicted***. Plaintiff broke into Ms. Capani's house, vandalized it, and stole property from her. In doing so, plaintiff also disobeyed an order of protection that directed plaintiff to stay away from Ms. Capani. *Id.* On January 5, 1999, Ms. Capani signed a "Victim Impact Statement" in which she stated that she was granted an order of protection on October 16, 1998, and that plaintiff became "angry," resulting in his burglarizing and vandalizing her home. Jackson Aff. Ex. B. Plaintiff's actions included instances of physical abuse. *Id.* Ms. Capani stated that "clearly this is a person who believes that laws . . . do not apply to him - then has the audacity to blame me for the consequences." *Id.* She stated that this attitude is "***one*** of the things that makes him dangerous." *Id.* (emphasis added). Ms. Capani also stated that the "emotional agony and turmoil" was "immeasurable", and that her eleven-year-old daughter was afraid to enter her home and had to be placed on anti-depressant medication because of this incident. *Id.* at 2.

Defendant Jackson was assigned to supervise plaintiff when he was released on September 10, 2001. Jackson Aff. ¶ 3-4. Defendant Jackson states that he prepared the "special conditions" based on the above statement by Ms. Capani, and based upon a review of the plaintiff's

6

background and criminal history. Jackson Aff. ¶ 4.  The court would point out that unlike the condition imposed in *Tremper*, defendant Jackson in this case did not deny plaintiff total contact with his wife and child.  The special conditions stated that plaintiff could not reside with Ms. Capani without his parole officer's permission. Jackson Aff. Ex. C ¶ 13D.  Plaintiff was also allowed to visit his wife and children[2] on Saturdays from noon until 6 p.m. *Id.* ¶ 13E.  Defendant Jackson states that these conditions were imposed for the safety of Ms. Capani and the children. Jackson Aff. ¶ 5.  Defendant Jackson states that he believed it would be necessary to observe plaintiff for a period of time to ensure that he demonstrated a positive change in his behavior before the couple could actually live together. *Id.*  Defendant Jackson states that on September 24, 2001, he met with plaintiff and reviewed the special conditions.  Plaintiff signed the conditions and was provided a copy. *Id.* ¶ 7.  Plaintiff's supervision was transferred to another officer on November 26, 2001, and defendant Jackson states that he had no further contact with plaintiff after that time. *Id.* ¶ 8.

  It is very clear from the evidence submitted that the special conditions, as well as defendant Jackson's reasons for imposing those conditions, were more than reasonable.  Because the crime for which plaintiff was being paroled involved violence toward Ms. Capani and her belongings, together with the violation of an order of protection that had been filed against him on Ms. Capani's behalf, there was good reason to limit plaintiff's contact with her and her daughter until plaintiff could show that his behavior could be trusted.  This reason was certainly related to the crime committed, the objectives of parole, and the safety of the community.  Based on the facts of this case, it is clear that *Tremper* is distinguishable, and that defendant Jackson had ample basis for his decision, regardless of its possible impact on plaintiff's First Amendment rights.

  Subsequent events further support defendant Jackson's decision.  Unfortunately, Ms.

---

[2] It is unclear how many children there were.  In her Victim Impact Statement, Ms. Capani mentions only an eleven-year-old daughter, but the special conditions refer to "children."  Whether there was only one child or more children is not relevant to this decision.

Capani later expressed a desire to have plaintiff live with her.[3]  On May 29, 2002, Ms. Capani signed a document, stating that she wished to have plaintiff return to her home. Jackson Aff. ¶ 9, Ex. D.  In this document, she acknowledged that she had been the victim of domestic abuse by plaintiff and that she had complained about the system's "inability to protect her from her husband." *Id.* Ex. D.  She also stated that she was acting against DOP's advice. *Id.*  Based on this document, plaintiff was allowed to return to live with Ms. Capani. Jackson Aff. ¶ 9.

Defendant Jackson states that according to DOP records, plaintiff was arrested on November 12, 2003 for Assault, Third Degree. Jackson Aff. ¶ 10.  Plaintiff assaulted Ms. Capani by striking her in the face and kicking her hand. *Id.* Ex. E.  This assault was the subject of plaintiff's parole violation charge. *Id.* ¶ 10, Exs. E-F.  Clearly, the limitations that had been previously imposed on plaintiff were more than reasonable, and unfortunately, the victim herself chose to request that the restrictions be changed to her detriment.  Defendant Jackson did ***not*** violate any of plaintiff's constitutional rights by issuing the special conditions of release.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant Jackson's motion for summary judgment (Dkt. No. 35) is **GRANTED**, and plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED IN ITS ENTIRETY.**

Dated: April 24, 2008

Norman A. Mordue
Chief United States District Court Judge

---

[3] This happened after defendant Jackson was no longer assigned as plaintiff's parole officer, but is relevant to the basis for this court's findings.